## Wм. French v. Rebecca J. French, etc.

**Judgment—Annulment—New Evidence.**

Under § 14, Civ. Code, relating to annulment of a judgment in ordinary by an equitable proceeding, a party is not entitled to a retrial because of the discovery of evidence tending to establish a fact of which they must have been cognizant for a long time prior to the rendering of the judgment sought to be annulled.

**Depositions—Following Example of Adversary.**

In taking a deposition in term time, a party can not complain of the action of his opponent in taking a deposition, where his opponent simply followed his example and exercised a right which the other party had first assumed.

**Depositions—Cross-examination—Waiver.**

Where depositions were taken by a party in the absence of his opponent, and the latter excepts to the depositions, and allowed two vacations to pass without asking leave to cross-examine the witness, there is no grounds of complaint because of the overruling of his exceptions.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

June 13, 1873.

OPINION BY JUDGE LINDSAY:

To the extent that the petition and the amendment thereto sets up a trust in Wm. H. French as a ground for the vacation of the judgment at law they should have been disregarded. The 14th section of the Civil Code of Practice provides that a judgment obtained by ordinary proceedings shall not be annulled or modified by any order in an action by equitable proceedings, except for a defense. which has arisen or been discovered since the judgment was rendered. Sections 579 and 373 are perfectly consistent with the provisions of Section 14.

The trust did not arise, and from the very nature of things its existence could not have been discovered until after the rendition of

the judgment in the action of ejectment. It is not enough that appellant discovered after judgment the evidence to establish the trust. He should have pleaded and relied on its existence as a ground of defense to the suit at law, and then if he had failed by the use of proper diligence to discover the evidence now relied on to make out this breach of the present cause, its subsequent discovery might have entitled him to a retrial of the first action, but to allow him now to have a retrial because he has discovered evidence tending to establish a fact of the existence of which he must have been cognizant since 1844, would be to disregard the express and positive limitations prescribed by Sec. 14 of the Civil Code.

The only fact set up in the petition authorizing the circuit court to grant the relief asked, was the fraud practiced by Mrs. French in obtaining the judgment at law, which fraud consisted in the alleged corrupt agreement upon her part to give to Mrs. Watkins a portion of the land in contest, in consideration that the latter would testify as a witness to a state of facts tending to show that appellant held the land as the tenant of William H. French, deceased, and all the while recognized and acknowledged his title.

Before considering this branch of the case upon its merits it is proper to notice the exceptions to the depositions of appellees taken during the February term, 1872, of the circuit court and also the action of that court in refusing to allow the amended petition to be filed except upon the condition that it should stand controverted upon the record. The objection to the depositions is that they were taken during the term of the court, and when it was impossible for the attorney to be present and cross-examine the witnesses.

It appears that appellant gave notice and commenced taking depositions during the same term, thus requiring appellee's attorney to do that which he now complains was an unreasonable hardship when imposed upon his attorney. Appellant gave notice on the 20th and 21st of February that he would take depositions on the 24th, the fifth day of the term. On the 22d appellees gave notice that they would take on the 26th, the 7th day of the term. Whatever may be the proper rule as to depositions taken in term time, it does not lie in the mouth of appellant to complain that appellees followed his example and exercised a right which he had first assumed to exercise.

But the motion to dissolve the injunction as well as the exceptions to the depositions were continued until the same term, and again until the September term, 1872, before action was taken by the court on either. Appellant did not ask leave of court to cross-examine the witnesses whose depositions were taken during the February term, but allowed two vacations to pass, and matters to stand just as they were when the exceptions were filed, and the first motion made for a continuance. If he had asked leave to cross-examine and the court had refused to grant it, he might have some ground for complaint, but he pursued a line of policy of doubtful propriety in any state of case, and not to be tolerated under the circumstances heretofore pointed out.

Hence he was not prejudiced by the action of the court in overruling his said exceptions.

As the amended petition raised an irrelevant issue, appellant was not prejudiced by the order controverting the allegations therein made upon the record.

The only direct evidence tending to establish the corrupt bargain between Mrs. French and Mrs. Watkins is that given by Mrs. Redman. She is contradicted in every particular by Mrs. Watkins. The circumstances under which she claims to have overheard the conversation resulting in the corrupt bargain go very far towards impairing the confidence which otherwise would be reposed in the statements of a person whose good character is vouched for by her neighbors and acquaintances.

It is almost impossible that she could have been present in the small room described by her for fifteen or twenty minutes without being observed by Mrs. French and Mrs. Watkins, one or both, and it is contrary to common sense and human experience to believe that such an agreement would have been made by them in the presence of a third party, and especially one who was at most but a casual acquaintance; further than this it is not probable that they would have selected such a time and place to consummate such a bargain, when they were residing together, and could have conversed the matter and made their arrangements in the privacy of their common home.

The testimony of Mrs. Arnold and the younger Mrs. Redman shows that no such meeting as that described by the elder Mrs. Redman took place at the house of Daddridge Arnold in the year 1870.

Upon the whole case we are of opinion that the circuit judge decided this branch of the cause in accordance with the decided weight of the testimony, and as the alleged corrupt bargain was the only material fact in issue, his judgment dismissing appellant's petition and dissolving the injunction must be *affirmed*.

*James, Lindsey, for appellant.*

*Craddock, for appellee.*